```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF CONNECTICUT

AMNESTY AMERICA, et al.,        :  NO. 2:92CV00214(PCD)
      Plaintiffs,

vs.

TOWN OF WEST HARTFORD,          :  MAY 19, 2004
      Defendant.
```

### DEFENDANT'S PRELIMINARY REQUESTS FOR JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 51, defendant Town of West Hartford in the above-captioned matter respectfully requests that the Court instruct the jury as follows. Defendant also requests permission to supplement or revise these instructions as necessary prior to and during trial, as provided in the Court's Ready Trial Order.

```
                              DEFENDANT, TOWN OF WEST
                              HARTFORD



                          BY_____
                              Nicole D. Dorman
                              Federal Bar No.: ct07030
                              Sack, Spector & Karsten
                              836 Farmington Avenue
                              West Hartford, CT 06119
                              ndorman@sackspec.com
```

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 19th day of May, 2004, to the following counsel of record:

John R. Williams, Esquire
Williams & Pattis, LLC
51 Elm Street
New Haven, CT 06510

Patrick G. Alair, Esquire
Office of the Corporation Counsel
Town of West Hartford
50 South Main Street
West Hartford, CT 06107

```
                                     _____
                                     Nicole D. Dorman
```

## SECTION 1983: THE ELEMENTS

Each plaintiff claims that his constitutional rights were violated because the West Hartford police officers used excessive force in arresting him. To prevail on these claims, each plaintiff must prove among other things, by a preponderance of evidence, each of the following elements as to each claim of constitutional violation:

<u>First,</u> that the officer acted under the color of state law;

<u>Second,</u> that the officer violated the plaintiff's constitutional rights by using force which was excessive under all the circumstances; and

<u>Third,</u> that the officer's acts were the proximate cause of any damages sustained by plaintiff.

Here, the parties agree that the officers acted under color of state law, so you need not consider that issue. I will now discuss separately the particular elements of plaintiffs' excessive force claims.

---

Charge to the jury delivered by the Honorable Jose A. Cabranes in <u>James F. Althan, Jr. v. Philip Beamon,</u> Civil No. N-86-387 (JAC) (D.Conn. April 8, 1991), at 17; Sand, et al., Instruction 87-68.
Sand, Instructions 87-75-77 (significantly adapted).

- 1 -

## **EXCESSIVE FORCE**

The Fourth Amendment to the United States Constitution guarantees to every citizen the right to be secure in his or her person against unreasonable seizures by the police. A "seizure" or arrest is lawful if it is supported by probable cause, which is not at issue in this case. However, a police officer may not use force which is excessive, even if he is making a lawful arrest. Whether or not a police officer is justified in using force to complete an arrest, and if so how much force that officer was justified in using, are determined by the Fourth Amendment standard of "reasonableness."

In this case, it is not disputed that some force was required to effect the arrest of the plaintiffs because they employed "passive resistance" techniques to hinder their arrests. The plaintiffs contend that West Hartford police officers used force which was unreasonable under the circumstances. You must therefore decide whether the plaintiffs have proved that they were subjected to excessive force as they claim, or if the force used by the officers was reasonable under the circumstances.

The amount of force and other acts employed by police during an arrest should be those reasonably necessary to accomplish the purpose of the arrest, control the situation and protect the officer or others during the arrest.  In weighing the conduct of the police officers during the arrest, you must give due consideration to their experienced judgment, their legitimate concern for their own safety and whether the plaintiffs resisted or otherwise impeded their arrests.[1]  Thus, if you find that the West Hartford police officers acted reasonably to accomplish the purpose of the arrest, maintain and control the plaintiffs and to protect themselves and the plaintiffs, then you must conclude that their actions were lawful and you must find for the defendant police officers on this issue.

The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain and rapidly evolving – about the amount of force that is necessary in a particular situation.  Therefore, in examining

---

[1] U.S. v. Harley, supra, 682 F.2d at 402, citing U.S. v. White, 648 F.2d, 29, 36 (D. C. Cir.) cert. denied ___ U.S. ____, 102 S.Ct.  424 (1981).

the claim of plaintiffs that excessive force was used against them, you should look at the situation from the perspective of an officer on the scene, taking into consideration all the circumstances which you find to have existed at the time, as the officers understood them to be.

Also, remember that not every push, pull, shove or other physical contact, even if it may later seem unnecessary in the peace of a judge's chambers, violates the law.

If you find from the evidence in this case that the West Hartford police officers used more force against plaintiffs than would have appeared to a reasonable police officer in similar circumstances to be necessary in order to apprehend and remove the plaintiffs from Summit Women's Center, then you may find that the officers used excessive force against the plaintiffs, contrary to the Constitution of the United States. However, if you find that the officers used only reasonable force; that is, that a reasonable officer would have acted in a similar manner faced with the circumstances this officer were faced with, considering those factors I have already expressed to you, then you must find that the plaintiffs' constitutional rights were

not violated, and return a verdict for the Town of West Hartford on the plaintiffs' constitutional claim of excessive force.

Adapted from jury charge by Clarie, J. in <u>Gural v. Harris, et al.,</u> Civ. No. 88-453 (TEC)

<u>Graham v. Connor,</u> 490 U.S. 386, 109 S. Ct. at 1865 (1989).

## **MUNICIPAL LIABILITY – FAILURE TO SUPERVISE**

If you find that a plaintiff was subjected to excessive force, you must then decide whether the Town of West Hartford is liable for the conduct of the arresting officers because it failed to supervise them.

For the Town to be liable, plaintiffs must have proven, by a preponderance of the evidence, that Chief McCue was deliberately indifferent to the possibility that the officers he supervised might violate the plaintiffs' rights.  Deliberate indifference is established by showing that the need for more or better supervision to protect against constitutional violations was obvious but Chief McCue made no meaningful attempt to prevent the unconstitutional conduct.  It is not enough for plaintiffs to demonstrate that Chief McCue's failure to supervise was negligent or the result of bureaucratic inaction. Instead, you must find Chief McCue's inaction was the result of a "conscious choice" on his part.

You must view Chief McCue's conduct as a whole throughout the two demonstrations to determine whether he had actual notice of potential unconstitutional conduct by officers under his

supervision but was deliberately indifferent to the rights of the plaintiffs.

Amnesty America v. Town of West Hartford, 361 F.3d 113 (2d Cir. 2004);

Vann v. City of New York, 72 F.3d 1040 (2d Cir. 1995);

Fiacco v. City of Rensselaer, 783 F.2d 319 (2d Cir. 1986);

City of Canton, Ohio v. Harris, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

## **DAMAGES: COMPENSATORY DAMAGES**

If you find that one or more of the plaintiffs was subjected to excessive force and that the Town of West Hartford is liable, then you must consider the issue of actual damages. You must then award each plaintiff such sum of money as you believe will fairly and justly compensate him or her for any injury you believe each actually sustained as a direct consequence of the unconstitutional conduct of the defendant.

You shall award actual damages only for those injuries you find that the plaintiffs have proven by the preponderance of the evidence. Moreover, you shall award actual damages only for these injuries which you find the plaintiffs have proven by a preponderance of evidence to have been the direct result of Chief McCue's failure to supervise in violation of § 1983. That is, you may not simply award actual damages for any injury suffered by the plaintiffs--you must award actual damages only for those injuries that are a direct result of Chief McCue's conduct which violated that plaintiffs' constitutional rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. You are not permitted to award damages based on the abstract value or importance of constitutional rights.

<u>Sand</u>, Instruction 87-87.

## **NOMINAL DAMAGES**

If you return a verdict for a plaintiff, but find that that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

Nominal damages may be awarded when a plaintiff has been legally injured by defendants, but has suffered no actual damages as a proximate result of that deprivation.

Sand, Instruction 87-88

## **MITIGATION OF DAMAGES**

If you find that a plaintiff was injured as a proximate consequence of the alleged conduct by the West Hartford police officers, you must determine whether he could thereafter have done something to lessen the harm that he suffered. The burden is on defendants to prove, by a preponderance of the evidence, that plaintiff could have lessened the harm that was done to him; and that he failed to do so. If defendants convince you that plaintiff could have reduced the harm done to him but failed to do so, plaintiff is entitled only to damages sufficient to compensate him for the injury that he would have suffered if he had taken appropriate action to reduce the harm done to him.

Miller v. Lovett, 879 F.2d 1066-1069-1071 (2d Cir. 1989);
Sand, Instruction 87-90.

- 11 -

## **MULTIPLE PLAINTIFFS**

Although there are five individual plaintiffs in this action, it does not follow from that fact alone that if one was subjected to excessive force, all were subjected to excessive force. You must consider separately the circumstances of each plaintiff's arrest and his or her claims of injury.

1 Devit & Blackmar, FJP&I 3rd Ed. §71.06

## **DEPOSITIONS**

Some of the testimony before you referred to depositions, and some of the evidence received consisted of deposition excerpts. A depositions is a procedure where the attorneys for one side may question a witness or an adversary party, under oath, before a court stenographer prior to trial. This is part of the pretrial discovery process, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Sand, Instruction 74-14.