UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM E. WAUGH, | : | |
| SUZANNE C. VERDI, R.N., | : | |
| ELEANOR BRADY, | : | NO. 2:92CV214(PCD) |
| EDWARD DOMBROSKI and | : | |
| HARRY ONG | : | |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF WEST HARTFORD | : | MAY 18, 2004 |

**PLAINTIFFS' REQUESTS TO CHARGE**

The plaintiffs respectfully request the Court to charge the jury as follows:

1. The plaintiffs have brought this lawsuit to obtain redress for what they contend were violations of their rights under the United States Constitution, specifically their right to be free from the use of unreasonable force in the course of an otherwise lawful arrest. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights. "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, a municipal government. In this case, the plaintiffs have met their burden of proving that the defendant acted under color of law, so you need not concern yourselves with that issue. [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13

F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

    2.  It is not necessary to find that the defendant had any specific intent to deprive the plaintiffs of their civil rights in order to find in favor of the plaintiffs.  The plaintiffs are entitled to relief if the defendant intended the actions which resulted in the violation of the plaintiffs' rights or if the defendant acted in reckless disregard of the plaintiffs' rights.  Reckless disregard of the plaintiffs' rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

    3.  The testimony of a police officer is entitled to no special or exclusive sanctity.  An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.  People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to

any greater weight. [Wright & Havanich, <u>CONN. JURY INSTRUCTIONS</u>, (2d Ed.) §667.]

  4. If you find that the defendant is liable to the plaintiffs, you should then consider the question of damages. Compensatory damages are designed to compensate the plaintiffs for injuries suffered by the plaintiffs. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiffs for any harm of any kind which was proximately caused by the wrongful conduct of the defendant. Among the elements of injury and harm for which compensation may be awarded are:

  a) The physical harm to the plaintiffs during and after the impairment or injury received, including imprisonment and loss of freedom;

  b) The emotional harm to the plaintiffs during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiffs have suffered or may with reasonable certainty be expected to suffer in the future;

  c) Lost wages or earnings;

  d) Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the

rights violated.  The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

     5.  Police officers have an affirmative duty to enforce the law and preserve the peace.  This includes stopping other police officers from violating the law.  A police officer may not ignore the duty imposed by his office and fail to stop other officers who use unreasonable force against a third person in his presence. [Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); Zapico v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir. 1978); Bruner v. Dunaway, 684 F.2d 422 (6th Cir 1982); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972).]

     6.  A person, even if he or she is being lawfully arrested, has a constitutional right to have that arrest made in a reasonable manner and without the use of unreasonable force.  A police officer is not allowed to use unreasonable force when making even a lawful arrest.  The officer may use only such force as a reasonable and trained police officer would believe is required to take an arrested citizen into custody, for the particular charges and under the particular circumstances presented by this

case. A police officer may do no more than that. In determining whether a police officer has used unreasonable force in the course of making an otherwise lawful arrest, you should consider all of the facts which you find to have been proven in the case, including the need if any for using the amount of force that was involved and the relationship between that force and the extent of the injury which was inflicted upon the plaintiff by the officer. [Graham v. Connor, 490 U.S. 386 (1989); Miller v. Lovett, 879 F.2d 1066 (2d Cir. 1989); Finnegan v. Fountain, 915 F.2d 817 (2d Cir. 1990).]

7. The plaintiffs contend not only that their constitutional rights were violated, but that these violations were caused by the policy of the City of West Hartford. They contend that the City of West Hartford should be held responsible for their injuries. In order to establish municipal liability, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy. This rule does not mean that the plaintiffs must show that the municipality had an explicitly stated rule or regulation that caused the constitutional violation. Indeed, even the existence of an explicit municipal policy prohibiting the alleged conduct does not necessarily mean that the constitutional violation alleged was not caused by a municipal policy. The existence of municipal policy can be established by circumstantial evidence or by the fact that the unconstitutional conduct, if it took place, was perpetrated or permitted by the highest policy-setting official of the municipality. The inference that a policy existed may be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction, or evidence that the municipality had notice of but repeatedly

failed to make any meaningful investigation into charges that its agents were violating citizens' constitutional rights. [DeCarlo v. Fry, 141 F.3d 57, 61-62 (2nd Cir. 1998), quoting Ricciuti v. New York City Transit Auth., 941 F.2d 119, 122-23 (2nd Cir. 1991). Cf., Thomas v. Roach, 165 F.3d 137, 145 (2nd Cir. 1999).]

8.  A plaintiff seeking to establish a section 1983 claim against a municipality may do so on a 'ratification' theory by establishing that a municipal official with final policymaking authority approved a subordinate's action and the basis for it.  When a policymaker becomes aware of an ongoing unconstitutional act and does not exercise his power to stop that act, his inaction is the same as an affirmative action violating those rights.  A decision by municipal policymakers on a single occasion may result in municipal liability under 42 U.S.C. § 1983 for actions they officially sanctioned or ordered.   [Dixon v. Lowery, 302 F.3d 857, 867 (8th Cir. 2002); Williams v. Butler, 863 F.2d 1398, 1401 (8th Cir. 1988); Baskin v. City of Des Plaines, 138 F.3d 701, 705 (7th Cir. 1998).  Citing Kernats v. O'Sullivan, 35 F.3d 1171, 1182 (7th Cir. 1994); Wilson v. City of Chicago, 6 F.3d 1233, 1240 (7th Cir. 1993); Cygnar v. City of Chicago, 865 F.2d 827, 847 (7th Cir. 1989).]

9.  There are three ways to establish that an unconstitutional action resulted from the policy or custom of the municipality and that the municipality itself is liable for that action:  First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal government policy or a longstanding practice or custom which constitutes the standard operating procedure of the local government entity.  Second, the plaintiff may establish that the individual who

committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official government policy. Third, the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. [Jett v. Dalls Indep. Sch. Dist., 491 U.S. 701, 737 (1989); Hopper v. City of Pasco, 241 F.3d 1067, 1083 (9th Cir. 2001), quoting Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).]

THE PLAINTIFFS

BY:_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
FAX: 203.776.9494
E-Mail: jrw@johnrwilliams.com
Their Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Attorney Scott Karsten Sack, Spector & Karsten, 836 Farmington Avenue, West Hartford, CT 06119-1544.

_____
JOHN R. WILLIAMS