UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM E. WAUGH,<br>SUZANNE C. VERDI, R.N.,<br>ELEANOR BRADY,<br>EDWARD DOMBROSKI and<br>HARRY ONG | :<br>:<br>: NO. 2:92CV214(PCD)<br>:<br>: |
| VS. | : |
| TOWN OF WEST HARTFORD | : MAY 17, 2004 |

## PLAINTIFFS' COMPLIANCE WITH SECTION C OF TRIAL PREPARATION ORDER

The attorney who will try this case for the plaintiffs is John R. Williams, 51 Elm Street, New Haven, CT 06510. Telephone: 203.562.9931.

This is a jury case.

The plaintiffs' case will take approximately two weeks to present.

This case is scheduled for trial commencing June 1, 2004, before Honorable Peter C. Dorsey.

There are no further proceedings prior to trial.

Settlement is not likely.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

AMNESTY AMERICA, et al.,  :  NO. 2:92CV00214(PCD)
    Plaintiffs,

vs.

TOWN OF WEST HARTFORD,  :  APRIL 20, 2004
    Defendant.

### DEFENDANT'S COMPLIANCE WITH
### SECTION B OF THE TRIAL PREPARATION ORDER

1. **CLAIMS OF FACT PROPOSED FOR STIPULATION AS UNDISPUTED.**

    1.    At the time of the events complained of, the Summit Women's Center was a women's medical clinic that performed medical services and procedures, including abortions.
Plaintiffs agree.

    2.    The Summit Women's Center was located in a three-story, privately-owned office building housing approximately 40 offices, including a pediatric dentist, an orthodontist and law offices.
Plaintiffs agree.

    3.    The office building was located in and annexed to a shopping center at Bishop's Corner, West Hartford, which included several retail stores.
Plaintiffs agree.

4. On April 1, 1989 and on June 17, 1989, the Summit Women's Center was the target of anti-abortion demonstrations organized by Operation Rescue and other pro-life organizations and individuals.
Plaintiffs agree.

5. The purpose of the demonstrations, inter alia, was to block access to the Summit Women's Center in order to prevent any abortions from being performed.
Plaintiffs agree.

6. On April 1, 1989, 61 persons were arrested and charged with crimes of interfering with officers, criminal trespass I, failure to submit to fingerprinting and criminal mischief.
Plaintiffs agree.

7. On June 17, 1989, 261 person were arrested and charged with crimes of burglary, trespassing, interfering with police, and criminal mischief.
Plaintiffs agree.

8. Each of the plaintiffs in this action was arrested on April 1, 1989 and June 17, 1989 during his or her participation

- 2 -

in said demonstrations, and charged with various of the crimes listed above.
Plaintiffs agree.

9. The Operation Rescue plan instructions to rescuers called for blocking access to abortion clinics and trespassing on private property.
Plaintiffs agree.

10. The plan anticipated arrests and instructed participants to resist arrests by adopting a "non-cooperation" or "defenseless/helpless mode" by remaining limp throughout the arrest process and refusing to walk.
Plaintiffs agree.

11. The protesters were warned that if they did not leave Summit Women's Center they would be arrested.
Plaintiffs agree.

12. The protesters refused to comply with the officers' lawful demands.
Plaintiffs agree that the protesters refused to comply with the lawful demand that they leave the Center.

- 3 -

13. When arresting individual trespassers, officers requested that they comply with the arrest and walk to the transport vehicle.

Plaintiffs do not agree that this occurred in every instance.

14. The officers informed the resisting arrestees that if they did not comply force would be used to remove them.

Plaintiffs do not agree.

15. When the arrestees continued to resist, officers employed force to remove them, including dragging, carrying and come along holds.

Plaintiffs agree that when arrestees declined to leave, force was used against them. Plaintiffs disagree with the remainder of this assertion.

## 2. PROPOSED FINDINGS OF FACT

1. On April 1, 1989 and June 17, 1989, each of the plaintiffs unlawfully trespassed on the property of Summit Women's Center for the express purpose of disrupting its business activities. Testimony of plaintiffs, videotapes, testimony Chief McCue; Exhibits F, G.

Agree.

2. On April 1, 1989 and June 17, 1989, each of the plaintiffs adopted a strategy of non-cooperation referred to as

- 4 -

"defenseless mode". Videotape #7 at 22:15; Harry Ong; Exhibits F, G.

Agree.

    3.   On April 1, 1989 and June 17, 1989, each of the plaintiffs willfully and deliberately refused Town of West Hartford police officers' reasonable requests to leave the Summit Women's Center, knowing that they would be arrested and physically removed from the premises as a result of their conduct. Testimony of plaintiffs; videotapes; testimony Chief McCue, arresting officers.

Agree.

    4.   On April 1, 1989 and June 17, 1989, each of the plaintiffs, before being removed from the Summit Women's Center was given an opportunity to cooperate and leave voluntarily by walking to the transport vehicle, but each refused to cooperate thereby forcing police officers to physically remove them from the premises to remove them. Testimony of plaintiffs, Chief McCue, arresting officers; videotapes.

Agree.

- 5 -

     5.    After being arrested on April 1, 1989 and June 17, 1989, each of the plaintiffs went limp, refused to cooperate by walking out of the Summit Women's Center, knowing that force would be required to remove them and that such force would cause physical pain. Testimony of plaintiffs, Chief McCue, arresting officers; videotapes.

Agree with first three lines; disagree with balance. Witnesses 1-156; Exhibits 1-97.

     6.    On April 1, 1989 and June 17, 1989, Town of West Hartford police officers dragged and carried the plaintiffs and used "come-along holds" that were specifically designed and intended to allow them to use the minimum necessary force to move the plaintiffs and other arrestees from the premises of the Summit Women's Center. Testimony of plaintiffs, Chief McCue, arresting officers; videotapes.

Agree with first two lines; disagree with balance. Witnesses 1-156; Exhibits 1-97.

     7.    The purpose of the "come-along holds" is to reduce the risk of injury to both the arrestees and the arresting officers. Testimony, Chief McCue.

Disagree. Witnesses 1-156; Exhibits 1-97.

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221 • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

8.  "Come-along holds" are commonly and lawfully used by police departments and are designed to inflict only pressure and possibly transient minimal pain to more arrestees who refuse to comply with the orders of the arresting officer. Testimony, Chief McCue, arresting officers.

Disagree. Ibid.

9.  When a "come-along hold" is implemented, the amount of pain is directly correlated to the amount of resistance. Testimony, Chief McCue, arresting officers.

Disagree. Ibid.

10. On April 1, 1989 and June 1, 1989, whether "come-along holds" were used, as well as the duration and degree of such hold was completely within the control of the plaintiffs. Testimony, Chief McCue, arresting officers.

Disagree. Ibid.

11. If the plaintiffs had complied with the Town of West Hartford police officers' orders to comply, no "come-along hold" or other force to effect their removal would have been used. Testimony, Chief McCue, arresting officers.

Agree that plaintiffs would not have been subjected to physical abuse and brutality had they voluntarily left the Center.

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221•WEST HARTFORD, CT 06119-1544•(860) 233-8251•JURIS NO. 52776

12. On April 1, 1989 and June 17, 1989, Town of West Hartford police officers used only that amount of force reasonably necessary to effect the arrest of each of the plaintiffs. Testimony, Chief McCue, arresting officers.
Disagree. Witnesses 1-156; Exhibits 1-97.

13. Chief Robert McCue was present when the plaintiffs were arrested at the Summit Women's Center on April 1, 1989 and June 17, 1989. Testimony, Chief McCue.
Agree.

14. At no time during the April 1, 1989 and June 17, 1989 incident at the Summit Women's Center did Chief McCue witness an act of unreasonable force on the part of a Town of West Hartford police officer; nor did he witness any conduct in violation of any departmental rule, order or policy. Testimony, Chief McCue, videotapes, Exhibits A, B, C, D.
Disagree. (See Plaintiffs' Proposed Findings of Fact, ¶¶ 11, 12)

15. The policies and practices implemented by the Town of West Hartford police officers on April 1, 1989 and June 17, 1989

- 8 -

conformed to the department's lawful policy and practice requiring officers to use only that amount of force reasonably necessary to effect an arrest. Testimony, Chief McCue, arresting officers, videotapes, Exhibits A, B, C, D.
Disagree. Witnesses 1-156; Exhibits 1-97.

16. Any injuries suffered by the plaintiffs as a result of the events of April 1, 1989 and June 17, 1989 were proximately caused by their own conduct. Testimony, Chief McCue, arresting officers, plaintiffs, videotapes.
Disagree. Ibid.

### 3. <u>CLAIMS OF LAW</u>

1. The Town of West Hartford had a legitimate substantial interest in preventing and eliminating the organized lawlessness of the plaintiffs and their fellow arrestees. <u>Bray v. Alexandria Woman's Health Clinic</u>, 506 U.S. 263, 113 S.Ct. 753, 769, 122 L.Ed.2d 341 (1993) (Kennedy, J. concurring); <u>Forrester v. City of San Diego</u>, 25 F.3d 804, 807 (9th Cir. 1994).
Agree that municipalities always have a legitimate interest in enforcing the law. Disagree that any municipality has a legitimate interest in violating the Fourth Amendment.

2. The Town's police officers were entitled to use force that was "objectively reasonable" in light of the totality of

- 9 -

the facts and circumstances confronting them to effect plaintiffs' arrests. Graham v. Connor, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1986).
Agree.

3. Whether the police officers hypothetically could have used a less painful, less injurious, or more effective force in effecting the arrests of the plaintiffs is irrelevant to the question of whether their conduct was objectively reasonable. Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1986); Forrester v. City of San Diego, 25 F.3d 804, 808 (9th Cir. 1994).
Disagree.  E.g., Headwaters Forest Defense v. County of Humboldt, 240 F.3d 1185 (9th Cir. 2000); Estate of Smith v. Marasco, 318 F.3d 497 (3d Cir. 2003).

4. That the plaintiffs may have suffered injuries in the course of their arrests is of no consequence if no constitutional violation has occurred. County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5, 118 S.Ct. 1708, 104 L.Ed. 2d 1043 (1998).
This assertion begs the question, which is whether the force used violated the Fourth Amendment.  Graham v. Connor, 490 U.S. 386 (1986).

5. The Town of West Hartford can only be liable for the plaintiffs' injuries if plaintiffs establish, by a preponderance

- 10 -

of the evidence, 1) that Chief McCue had obvious notice of police officers' use of excessive force, but 2) was deliberately indifferent to the possibility of such unconstitutional conduct; and 3) his inaction or failure to supervise proximately caused plaintiffs' injuries. <u>Fiacco v. City of Rensselaer</u>, 783 F.2d 319, 328 (2d Cir. 1986) cert. denied, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987); <u>Vann v. City of New York</u>, 72 F.3d 1040, 1049 (2d Cir. 1995).

Agree, except for the word "obvious" in the first line, above, which appears to be a typographical error.

6.  To establish that any alleged inaction by Chief McCue was deliberately indifferent, plaintiffs must prove, by a preponderance of the evidence, that his conduct was the result of a "conscious choice" rather than mere negligence. <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 389 (1989); <u>Board of County Commissioners v. Brown</u>, 520 U.S. 397, 410 (1997).

Agree.

4.  **DEFENDANT'S PROPOSED EXHIBITS**

    A.  West Hartford Police Department Policy 4.3.10-4.3.11;

    B.  West Hartford Police Department Policy 4.7-4.7.2;

    C.  West Hartford Police Department Order A-011;

- 11 -

    D.    West Hartford Police Department Order A-030;

    E.    West Hartford Police Department "Rescue Mission" Response Plan;

    F.    Operation Rescue, Instructions to Rescuers;

    G.    Operation Rescue, Non-Cooperation Guidelines;

OBJECTION for lack of foundation; no connection to any of the plaintiffs.

    H.    Correspondence, January 29, 1991, U.S. Department of Justice to Robert E. McCue;

OBJECTION; inadmissible opinion evidence.

    I.    Videotape 1 @ 38:27 depicting plaintiff, Eleanor Brady on April 1, 1989;

    J.    Videotape 2 @ 12:14 depicting plaintiff, Eleanor Brady, April 1, 1989;

    K.    Police photograph, Eleanor Brady, April 1, 1989;

    L.    Videotape 1 @ 11:58 depicting plaintiff, Edward Dombroski;

    M.    Police photograph, Edward Dombroski, April 1, 1989;

    N.    Arrest Processing Sheet, Edward Dombroski, April 1, 1989;

    O.    Videotape 1 @ 37:11 depicting Harry Ong, April 1, 1989;

    P.    Videotape 2 @ 11:02 depicting Harry Ong, April 1,

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221 • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776