United States District Court
District of Connecticut
FILED AT NEW HAVEN
June 1, 2004
Kevin F. Rowe, Clerk
P. A. Villano
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AMNESTY AMERICA, et al., | : NO. 2:92CV00214(PCD) |
|     Plaintiffs, | : |
| vs. | : |
| TOWN OF WEST HARTFORD, | : JUNE 1, 2004 |
|     Defendant. | |

## MEMORANDUM OF LAW IN
## SUPPORT OF DEFENDANT'S MOTION IN LIMINE

### PRELIMINARY STATEMENT

This case, despite what the Court of Appeals termed as its "exceedingly tortured procedural history", has been narrowed to two remaining issues for trial. First, was each or any plaintiff was subjected to excessive force in violation of the Fourth Amendment when he/she was arrested at the 1989 anti-abortion demonstrations at Summit Women's Center in West Hartford; and second, can the Town be held liable for such conduct, pursuant to 42 U.S.C. § 1983, for failing to supervise its police officers' use of force. Amnesty America v. Town of West Hartford, 361 F.3d 113 (2d Cir. 2004). Necessarily, each plaintiff must first establish he/she was in fact subjected to physical force that was

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221 • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

objectively unreasonable under the totality of the circumstances before proceeding with the failure to supervise claim.

Assuming, *arguendo*, that plaintiffs reach the latter issue, the evidence proposed by plaintiffs in their various pretrial submissions pertains, in large part, to police conduct directed to other demonstration participants or observers and apparently a *res ipsa loquitor* theory of unreasonableness. This is despite the fact that the allegations of plaintiffs' Fourth Amended Complaint relating to persons other than the plaintiffs were ordered stricken by the Court. The applicable standard for municipal liability in this instance dictates that unless the Town's principal decision-maker for police activities had notice of the likelihood of actual excessive force on plaintiffs, most of plaintiffs' proposed evidence is wholly irrelevant, will unduly confuse the jury and undoubtedly will result in substantial prejudice to defendant.

## I. STANDARD FOR MUNICIPAL LIABILITY TO BE SATISFIED BY PLAINTIFFS.

Plaintiffs' only remaining "theory of municipal liability is that the need to supervise the police officers' conduct at both demonstrations should have been obvious to Chief McCue because he

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221 • WEST HARTFORD, CT 06119-1544 • (860) 233-8251 • JURIS NO. 52776

allegedly witnessed the brutality, but that he nonetheless failed to supervise the officers in a way that would have prevented the violation of plaintiffs' constitutional rights." Id., at 127. To prevail on this theory, plaintiffs must not only prove they were subjected to unconstitutional excessive force, but also that Chief McCue was deliberately indifferent to the likelihood of excessive force. Such deliberate indifference must be established by way of evidence that demonstrates that "the need for more or better supervision to protect against constitutional violations was obvious", but McCue made "no meaningful attempt" to forestall or prevent the unconstitutional conduct. Id., citing Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995).

Moreover, plaintiffs must show that Chief McCue's inaction was the result of a "conscious choice" rather than mere negligence. Id., citing City of Canton, Ohio v. Harris, 489 U.S. 378, 389. Thus, it is only if plaintiffs demonstrate that Chief McCue had actual notice of his officers' use of unreasonable force and was deliberately indifferent to such conduct that the Town can be liable.

- 3 -

## II.    ANTICIPATED EVIDENTIARY PROBLEMS

Plaintiffs' proposed witness list includes almost 150 witnesses who reportedly will testify concerning police behavior and/or brutality at either the April 1, 1989 or June 17, 1989 demonstration, or both. Based on a review of the "statements" of these various witnesses, and setting aside the abundance of inadmissible hearsay contained therein, this proposed testimony literally runs the gamut, touching upon every conceivable aspect of these witnesses alleged experiences at the demonstrations and the ensuing days. Unless witness testimony establishes that Chief McCue personally witnessed the use of excessive force by his officers or otherwise had actual notice of an obvious need for corrective action or supervision, it simply is irrelevant to the question of whether he failed to supervise the officers who arrested the plaintiffs. Accordingly, all proposed testimony or other evidence relating to unconstitutional, unreasonable force at the two demonstrations is inadmissible absent a preliminary showing that it was observed by Chief McCue and he made a conscious choice to not implement corrective action.

- 4 -

Alternatively, the obvious need for supervision may be established by way of evidence of complaints of excessive force, together with evidence of a persistent, deliberate failure to investigate such complaints.  <u>Fiaco v. City of Rensselaer</u>, 783 F.2d 319 (2d Cir. 1986) cert. denied, 480 U.S. 922 (1987); <u>Batista v. Rodriguez</u>, 702 F.2d 393 (2d Cir. 1983).  Thus, to be admissible, plaintiffs' proposed witnesses must testify as to specific, articulated complaints to the department about police excessive force that occurred in the course of the events of April 1, 1989, that were not investigated by the Chief without justification.  All other testimony or evidence as to alleged police conduct or communications necessarily must be excluded as irrelevant, immaterial and confusing.

**CONCLUSION**

For the foregoing reasons, all evidence and testimony proffered by plaintiffs relating to alleged excessive force directed to individuals other than the five plaintiffs must be excluded unless plaintiffs can demonstrate the conduct was witnessed by Chief McCue or was the subject of a complaint to the

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221• WEST HARTFORD, CT 06119-1544 • (860) 233-8251• JURIS NO. 52776

department that was deliberately not investigated without justification.

>DEFENDANT, TOWN OF WEST HARTFORD
>
> BY /s/ Nicole D. Dorman
> Nicole D. Dorman
> Federal Bar No.: ct07030
> Sack, Spector & Karsten
> 836 Farmington Avenue
> West Hartford, CT 06119
> ndorman@sackspec.com

- 6 -

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand delivered and/or mailed, postage prepaid, this 1st day of June, 2004, to the following counsel of record:

John R. Williams, Esquire
Williams & Pattis, LLC
51 Elm Street
New Haven, CT 06510

Patrick G. Alair, Esquire
Office of the Corporation Counsel
Town of West Hartford
50 South Main Street
West Hartford, CT 06107

                                  Nicole D. Dorman

SACK, SPECTOR AND KARSTEN, LLP • ATTORNEYS AT LAW
836 FARMINGTON AVE., SUITE 221•WEST HARTFORD, CT 06119-1544•(860) 233-8251•JURIS NO. 52776

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand delivered and/or mailed, postage prepaid, this 1st day of June, 2004, to the following counsel of record:

John R. Williams, Esquire
Williams & Pattis, LLC
51 Elm Street
New Haven, CT 06510

Patrick G. Alair, Esquire
Office of the Corporation Counsel
Town of West Hartford
50 South Main Street
West Hartford, CT 06107

_____
Nicole D. Dorman

- 7 -